**HUMPHREYS v. SMITH et al.**

No. 9862—Opinion Filed April 5, 1921.

(Syllabus.)

**1. Judgment — Conclusiveness — Former Judgment Superseded.**

Plaintiff brought suit to quiet title, and judgment by default was rendered in favor of the plaintiff. Thereafter, plaintiff brought another action against the same defendants to quiet title to the same land and referred in her petition to the former judgment, but stated that it did not show sufficient service and this action was brought to make a perfect record judgment. Issue was joined by the defendants filing an answer and asking that the title be quieted in them. On the

trial of the case, the court rendered a judgment in favor of the defendants quieting title in them. Held, that this judgment is a valid judgment and supersedes the former judgment.

**2. Same—Right to Vacate.**

A plaintiff by filing a suit in a court of record submits herself to the jurisdiction of the court for all purposes within the scope of her petition. When defendants are duly and regularly summoned as provided by law, the court having jurisdiction of the subject-matter of the action, the parties being present, a full hearing had, and the court renders its judgment in favor of the defendants, held, that a motion filed more than four years thereafter by the plaintiff to vacate the judgment on the ground that it is void was properly overruled.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Motion of Sallie Humphreys to vacate a judgment on the ground that the same was void, which judgment had been rendered against her more than four years prior to the filing of the action in which Sallie Humphreys was plaintiff, against George R. Smith et al., defendants. Motion denied. Plaintiff appeals. Affirmed.

W. H. Vann, for plaintiff in error.

A. B. Campbell, for defendants in error.

MILLER, J. On July 16, 1917, plaintiff in error filed her motion to vacate a judgment rendered in the district court of Nowata county on the 6th day of June, 1913, in the case of Sallie Humphreys v. George R. Smith, Beulah Smith, E. L. Halsell, W. E. Rowsey, Oscar W. Deckard, Frazier M. Tyner, and Pauline Halsell. On the 13th day of October, 1917, the trial court overruled the motion of the plaintiff. The plaintiff duly excepted and perfected this appeal. Thereafter plaintiff in error, Sallie Humphreys, died, and this action was duly revived in this court in the name of Ada Harris, heir to the estate of Sallie Humphreys, deceased. The parties will be designated as they appeared in the court below.

The record discloses the following facts: That Sallie Humphreys was a duly enrolled Cherokee freedman; that the land in controversy in this action was a part of her homestead and surplus allotment which she received as her portion of the distributive share of the lands of said Cherokee Nation. Sallie Humphreys executed a warranty deed purporting to convey the land in controversy in this action to defendant George R. Smith; he conveyed a part of said land to defendants E. L. Halsell and W. E. Rowsey. January 4, 1909, a petition was filed in the district

court of Nowata county by Sallie Humphreys, as plaintiff, against George R. Smith et al., as defendants, to quiet her title to said lands, in case No. 387, and judgment was rendered in said action as prayed for by plaint.ff. On May 23, 1912, the plaintiff, Sallie Humphreys, began another suit in the district court of Nowata county, being case No. 1307, against each of the defendants above named; in this action the judgment was rendered which is sought to be vacated by this proceeding in error.

The petition recites the execution of the various deeds, and alleges Sallie Humphreys is the owner of the land; that the files in case No. 387 were destroyed by a fire which burned the courthouse of Nowata county, January 30, 1909; that the substituted files do not show a sufficient and proper service on some of the parties and this action is brought to obtain a perfect and complete record judgment. The prayer of the petition then asks to have all of the various deeds canceled. The defendants answered by a general den.al, and by cross-petition asked that they be decreed to be the owners of the land in controversy.

On June 6, 1913, judgment was rendered in this action in favor of defendants W. E. Rowsey and Pauline F. Halsell. To vacate this judgment, the motion under consideration was filed, which sets up the following grounds:

"1. That said judgment is void, that same is not supported by sufficient pleadings, that the petition filed herein was duly verified by said plaintiff and contains allegations concerning the execution of written instruments undenied and admitted by the amended answer and cross-petition filed herein, the same being unverified; further, the said cross-petition does not state facts sufficient to constitute a cause of action against said plaintiff.

"2. That there is another case in this court between the same parties involving the same object of action, to wit, case No. 387, which is referred to in the petition filed herein, that there is a good and valid judgment pending in this court in said case, rendered and entered in favor of this plaintiff, that said judgment was pending in this court at the time of the filing, trial and disposition of this suit, a copy of said judgment is hereto attached, marked exhibit 'A' and made a part hereof, that this court was without jurisd'ction to entertain a new suit to vacate and set aside said judgment, by reason thereof the judgment rendered and entered herein is void and of none effect."

It is practically conceded by counsel for plaintiff in error that, unless this is a void

judgment, the district court of Nowata county did not err in refusing to vacate same on plaintiff's motion.

In order for this court to reverse the trial court's ruling on said motion, this court would have to find that said judgment in case No. 1307 was void. This does not appear from the record in the case; the court had jurisdiction of the parties and the subject-matter of the action. The judgment in case No. 387 was specifically referred to and pleaded in the petition in case No. 1307. The former judgment became an issue in the trial of this case, and the judgment rendered on June 6, 1913, superseded the former judgment and became the judgment of the court in this action. The effect of this judgment was to nullify the judgment of April 1, 1909, in case No. 387. The trial court was correct in denying the motion, and the judgment of the trial court is hereby affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.